2000 MAR 22 A 11: 52

LORETTA G. WHYTE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ROBERT DAVID TATE | CIVIL ACTION |
| VERSUS | NO: 00-0054 |
| DENNIS COCKRAN, ET AL | SECTION: "B" (3) |

### REPORT AND RECOMMENDATION

Plaintiff, Robert Tate, was incarcerated in the St. Tammany Parish Jail when he filed the captioned *pro se* and *in forma pauperis* complaint against Dennis Cockran, Jack Strain, Greg Longino, Frank Gernaldo and Robert Wynne pursuant to 42 U.S.C. § 1983. In his complaint, Tate alleges that on December 17, 1999, Deputy Cockran allowed eight people into his cell who raped him.

On January 20, 2000, this Court ordered plaintiff to file a statement of facts and exhibit and witness lists on or before February 25, 2000.[1] This order was returned to the Clerk of Court as undeliverable.

Sheriff Jack Strain and Greg Longino filed a motion to dismiss plaintiff's complaint on February 23, 2000.[2] On February 24, 2000, this Court ordered plaintiff to file an opposition to the

---

[1] Rec. Doc. No. 3.

[2] Rec. Doc. No. 10.

DATE OF ENTRY
MAR 22 2000

DATE OF MAILING MAR 22 2000

defendants' motion to dismiss on or before March 9, 2000.[3] This order was also returned to the Clerk of Court as undeliverable.

St. Tammany Parish Jail officials informed members of the undersigned magistrate judge's staff that plaintiff was released from their custody and provided the Court with plaintiff's last known address.[4] On March 1, 2000, this Court granted plaintiff until March 15, 2000, to file an opposition to the defendants' motion to dismiss and ordered the Clerk of Court to send a copy of this minute entry to plaintiff's last known address by regular and certified mail.[5] Both copies of this order were returned to the Clerk of Court as undeliverable. As of this date, plaintiff has not provided the Court with a current address.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. Link v. Wabash R. Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139, 51 L. Ed. 2d 559 (1977). Local Rule 41.3.1E allows the Court to consider a party's failure to keep the Court apprised of his current address

---

[3] Rec. Doc. No. 11.

[4] Rec. Doc. No. 12.

[5] Rec. Doc. No. 12.

as cause for dismissal for failure to prosecute when a notice is returned to the Court because it was sent to an incorrect address and the party does not correct his address within 30 days of the notice being returned to the Court. Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and such a dismissal is considered to be an adjudication on the merits. See also Lopez v. Aransas County Independent School Dist., 570 F.2d 541 (5th Cir. 1978).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal of this action is proper under Local Rule 41.3.1E and Rule 41(b) of the Rules of Federal Procedure. As stated, on February 2, 2000, this Court's minute entry ordering Tate to submit a statement of facts and exhibit and witness list was returned to this Court as undeliverable. As of this date, Tate has not provided this Court with his current address as required by the local rules.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __22__ day of __March__, 2000.

_____
UNITED STATES MAGISTRATE JUDGE